UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-00133-JAR |
| | ) |
| DILSEACHT, LLC d/b/a FUCINO'S 2.0, | ) |
| and KENT MELCHER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kent Melcher's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. 11). The motion is fully briefed and ready for disposition. For the following reasons, the Court will grant the motion in part, and direct Plaintiff to file an amended complaint.

### I. Background

The complaint allegations, in the light most favorable to Plaintiff Joe Hand Promotions Inc. ("Joe Hand"), are as follows. Joe Hand is a Pennsylvania corporation that purchased the exclusive nationwide television distribution rights to the <u>Ultimate Fighting Championship 168: Chris Weidman v. Anderson Silva</u> ("Program"), which took place on December 28, 2013 (Doc. 1 (Complaint) ¶¶ 2, 6). Joe Hand entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Missouri, by which it granted those entities limited sublicensing rights, including the rights to publicly exhibit the Program (<u>Id.</u> ¶ 7). Defendant Dilseacht, LLC, is a Missouri limited liability company doing business as Fucifino's 2.0 ("Fucifino's") at 9369 Natural Bridge Road in St. Louis,

Missouri (Id. ¶ 2). Defendant Kent Melcher owns, operates, manages, oversees, and exercises control over Fucifino's (Id. ¶¶ 2, 12). According to Joe Hand, Defendants unlawfully exhibited the Program at Fucifino's (Id. ¶¶ 9-10). On February 2, 2016, Joe Hand initiated this action, asserting three claims: (1) a violation of the Cable and Television Consumer Protection and Competition Act ("CTCPCA"), see 47 U.S.C. § 605, et seq. ("Count I"); (2) a violation of the Federal Communications Act, see 47 U.S.C. § 553 ("Count II"); and (3) a claim of conversion under Missouri law ("Count III") (Id. ¶¶ 13-26). Defendant Melcher now moves to dismiss the claims against him on various grounds (Docs. 11-12, 18). Plaintiff opposes the motion (Doc. 13).

## II. Motion to Dismiss Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must show that the pleader is entitled to relief, in order to give the defendant fair notice of what the claims are and the grounds upon which they rest. Id.

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct.1937, 1950 (2009). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562. This standard "simply

calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in the light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

**III. Discussion**

Defendant Melcher seeks dismissal on four grounds. First, he argues that Plaintiff has failed to state a claim against him in Count I because Plaintiff did not allege that the event in question was transmitted interstate. Second, he asserts that Counts I and II should be dismissed for failure to provide him sufficient notice of the grounds upon which the claims rest. Third, he contends that Count III should be dismissed because Missouri law does not recognize a claim for conversion of intangible property. Fourth, he alleges that Plaintiff is barred from maintaining this action without a certificate of authority from the Missouri Secretary of State, under Mo. Rev. Stat. § 351.574 (Docs. 11-12, 18).

In response, Joe Hand argues that it has pled sufficient facts to show that the Program was transmitted interstate, as the Court can take judicial notice that the fight took place in Las Vegas, Nevada, while Defendants were in Missouri. Joe Hand also contends that it has provided Defendants fair notice of the grounds on which its claims rest, and that it has stated a viable conversion claim under Missouri law. Joe Hand further argues that Mo. Rev. Stat. § 351.574 cannot limit the Court's jurisdiction over this action based on its failure to register with the State of Missouri, citing the Supremacy Clause to the United States Constitution (Doc. 13).

The Court concludes that Plaintiff has pled sufficient facts to show that Defendant Melcher was directly involved in the interception of the Program. See Joe Hand Promotions, Inc. v. Hubbard, No. 4:12-cv-1729-TIA, 2013 WL 2319354, at *1, 3 (E.D. Mo. May 28, 2013) (plaintiff pled sufficient facts to state viable CTCPCA and FCA claims against individual defendant where it alleged individual was an officer, director, shareholder, and/or principal of co-defendant business where event was illegally exhibited, and that individual had supervisory capacity and control over activities occurring within business on date of illegal exhibition). The Court also concludes that Plaintiff's complaint contains sufficient factual detail to put Defendants on notice of the claims against them. See Twombly, 550 U.S. at 555. In addition, the Court concludes that Missouri law does not clearly prohibit claims of conversion of intangible property. Joe Hand Promotions, Inc. v. Crossroads Rest. & Lounge, Inc., 4:12-cv-2403-JCJ, 2013 WL 1787573, at *2 (E.D. Mo. Apr. 25, 2013) (given the absence of state court opinions finding that conversion of intangible property is not a cognizable tort under Missouri law, denying motion to dismiss such a claim) (citing Clayton X-Ray Co. v. Professional Sys. Corp., 812 S.W.2d 565, 567 (Mo. Ct. App. 1991)).

In addition, the Court is not persuaded by Defendant Melcher's argument that Mo. Rev. Stat. § 351.574 precludes Plaintiff from maintaining suit in this federal Court, notwithstanding its Congressional grant of federal question and supplemental jurisdiction, see 28 U.S.C. §§ 1331, 1367. According to Defendant Melcher, Plaintiff was required to obtain a certificate of authority to transact business in the state of Missouri because, based on its own complaint allegations, it entered into sublicensing agreements with various commercial entities throughout North America, including entities within Missouri. Defendant Melcher further argues that, because Plaintiff failed to obtain a Missouri certificate of authority, it is now barred from maintaining its

action in this Court. The Court disagrees. As a general rule, a foreign corporation that transacts business in the state of Missouri is required to obtain a certificate of authority from the Missouri Secretary of State before it can initiate proceedings in Missouri courts. See Mo. Rev. Stat. § 351.574(1). Notwithstanding the constitutional implications of interpreting Mo. Rev. Stat. § 351.574(1) as granting the state of Missouri authority to limit foreign corporations' access to the federal courts within this state by requiring them to first obtain authorization from the state of Missouri, see U.S. CONST. art. VI, cl. 2 (the Supremacy Clause); see 28 U.S.C. §§ 1331, 1367; see also Star-Chronicle Pub. Co. v. United Press Ass'ns, 204 F. 217, 220-23 (8th Cir. 1913) (discussing constitutional implications of interpreting previous version of § 351.574 so as to restrict access to Missouri federal courts, without first acquiring certificate of authority from the state, by foreign corporations engaged only in interstate commerce), the Court concludes that, by its plain language, Mo. Rev. Stat. § 351.574 does not preclude Joe Hand from maintaining this action in this Court. Notably, Mo. Rev. Stat. § 351.574 applies only to foreign corporations "transacting business" in the state of Missouri, and it specifically excludes "transacting business in interstate commerce" from its statutory definition of "transacting business," see Mo. Rev. Stat. § 351.572 (including "transacting business in interstate commerce" on list of activities that do not constitute "transacting business" for purpose of certificate of authority requirement). Joe Hand's Missouri business dealings—entering into sublicensing agreements with commercial entities in Missouri—are indisputably "business in interstate commerce"; as such, it was not required to obtain a certificate of authority from the state of Missouri before initiating this action.

The Court concludes, however, that Joe Hand's failure to plead that the Program was transmitted interstate is fatal to Count I. See 47 U.S.C. § 605(a); Hubbard, 2013 WL 2319354, at *3; Crossroads, 2013 WL 1787573, at * 3 (citing Joe Hand Promotions, Inc. v. Sorota, No. 11-

5

80985, 2012 WL 2414035, at *4 (S.D. Fla. June 26, 2012) ("Section 605(a) explicitly states that it governs only interstate communications and the Complaint fails to allege that the event took place in a different state from where it was shown.")). The Court will therefore dismiss Count I of the complaint. The Court will grant Joe Hand leave to file an amended complaint that corrects this pleading deficiency, should it so desire, as Joe Hand has made it apparent that it seeks to allege that the Program was transmitted interstate.[1] See Fed. R. Civ. P. 15(a)(2) (the Court should freely give leave to amend when justice so requires); Hubbard, 2013 WL 2319354, at *3 (granting plaintiff leave to amend complaint to correct failure to plead interstate transmission in CTCPCA claim).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Melcher's Motion to Dismiss (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent it is directed to Count I of the complaint, and is denied in all other respects.

**IT IS FURTHER ORDERED** that Joe Hand Promotions, Inc. is granted leave to file any amended complaint, **no later than ten (10) days from the date of this Order**.

Dated this 30th day of December, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that counsel for Melcher has withdrawn from this case with the Court's leave, and that Melcher has failed to comply with the Court's August 11, 2016 Order directing him to either retain new counsel or notify the Court of his intention to defend this action pro se.